DANNIS v C & G PUBLISHING, INCORPORATED

Docket No. 109828. Submitted June 26, 1990, at Detroit. Decided March 18, 1991, at 9:00 A.M.

L. Klimecki Dannis, the treasurer of the City of Warren, brought an action in the Macomb Circuit Court against C & G Publishing, Incorporated, and Eleanor Bates, seeking damages arising from the publication of an allegedly defamatory editorial in C & G's newspaper, the Warren Weekly. The court, Raymond R. Cashen, J., following the plaintiff's proofs, directed a verdict for Eleanor Bates and took C & G's motion for a directed verdict under advisement. After the jury returned a verdict for the plaintiff, the court granted C & G's motion and set aside the jury award. The plaintiff appealed.

The Court of Appeals *held:*

The plaintiff failed to prove that the defendant's reporter was guilty of malice in publishing the editorial. The plaintiff is a public figure, and was required to prove by clear and convincing evidence that the statements were published with actual malice in order to succeed with her claim of libel. The court properly found that the reporter's writings fairly characterized the findings of fact contained in the court opinions on which the reporter relied in making the allegedly offensive comments.

Affirmed.

GILLIS, J., dissenting, stated that the court improperly granted C & G's motion for a directed verdict because reasonable jurors could disagree on the issues whether the article was true and whether it was published with actual malice.

1. LIBEL AND SLANDER — PUBLIC FIGURES — MALICE.

A public figure must prove by clear and convincing evidence that allegedly libelous statements were published with actual malice in order to succeed on a claim of libel.

REFERENCES

Am Jur 2d, Libel and Slander §§ 126, 135, 296, 303.

Progeny of New York Times v Sullivan in Supreme Court. 61 L Ed 2d 975.

Criticsm or disparagement of character, competence, or conduct of candidate for office as defamation. 37 ALR4th 1088.

2. LIBEL AND SLANDER — DEFAMATION — PUBLIC DOCUMENTS.

   The adoption of any rational interpretation of a public document
      is a sufficient defense, as a matter of law, to a suit for defama-
      tion.

*Dennis J. Woods,* for the plaintiff.

*Kaufman & Payton* (by *Jo Robin Davis*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and GILLIS and GRIBBS, JJ.

MICHAEL J. KELLY, P.J. Plaintiff initiated the instant action to recover damages arising from an allegedly defamatory editorial published in defendant C & G Publishing's newspaper, the Warren Weekly. Following plaintiff's proofs, defendant moved for a directed verdict, which the trial court took under advisement. After the jury returned a verdict in plaintiff's favor, the trial court granted defendant's motion and set aside the jury award. Plaintiff appeals as of right and we affirm. The trial court did not err in finding that plaintiff failed to prove that the defendant's reporter was guilty of malice in publishing the offending statements.

It is uncontested that plaintiff was a public figure at the time of the challenged publication. Thus, in order for plaintiff to succeed on her claim of libel, she must prove by clear and convincing evidence that the statements were published with actual malice. *New York Times Co v Sullivan,* 376 US 254; 84 S Ct 710; 11 L Ed 2d 686 (1964).

In the case at bar, defendant published an editorial explaining why it declined to endorse plaintiff for reelection to public office in the City of Warren. The editorial commented that plaintiff had refused to follow a city ordinance, which eventu-

ally led to lengthy litigation and a Michigan Supreme Court ruling that plaintiff was indeed breaking the law by refusing to comply with the ordinance. In making the comments, defendant's reporter relied on findings of fact contained in court opinions concerning the mentioned litigation.

Plaintiff contends that the findings on which the reporter relied had not been properly established and that this had been made known to the reporter before the article's publication. Consequently, the reporter should have had a serious doubt concerning the truth of the findings. This, according to plaintiff, constituted a factual predicate from which a jury could infer actual malice. We do not agree.

The United States Supreme Court has held that adoption of any rational interpretation of a public document is a sufficient defense, as a matter of law, to a suit for defamation. *Time, Inc v Pape,* 401 US 279; 91 S Ct 633; 28 L Ed 2d 45 (1971); see also *Orr v Argus-Press Co,* 586 F2d 1108 (CA 6, 1978). Here, we agree with the trial court that the reporter's writings fairly characterized the findings of fact contained in the court opinions. The trial court did not err in directing a verdict against plaintiff's claims.

Affirmed.

GRIBBS, J., concurred.

GILLIS, J. *(dissenting).* I respectfully dissent. Viewing the evidence in the light most favorable to plaintiff, I believe that reasonable jurors could disagree on the issues whether defendant-appellee's article was true and whether it was published with actual malice. Therefore, I believe that the trial court improperly granted defendant-appel-

lee's motion for a directed verdict which was made when plaintiff rested, but granted after the jury returned a verdict in plaintiff's favor against defendant-appellee for $35,000.

Hence, I would reverse the trial court's order granting defendant-appellee's motion for a directed verdict and reinstate the jury's verdict.